UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ACCENT TITLE, LLC | CIVIL ACTION NO. |
| VERSUS | 14-CV-728-SDD-RLB |
| OCWEN LOAN SERVICING, LLC | |

### RULING

This matter is before the Court on the *Motion to Dismiss*[1] by Defendant Ocwen Loan Servicing, LLC ("Defendant"). Plaintiff Accent Title, LLC ("Plaintiff") has filed an *Opposition*[2] to this motion. For the following reasons, the Court finds that Defendant's motion should be granted.

### I. FACTUAL BACKGROUND

Plaintiff originally filed this suit in the Nineteenth Judicial District Court for the State of Louisiana.[3] The Defendant removed the matter to this Court on the basis of diversity and federal question jurisdiction.[4] Plaintiff alleges that it was the closing agent on the closing of a mortgage loan over property located at 12553 Langer Avenue, Baton Rouge, Louisiana ("the property").[5] Plaintiff contends that, on June 26, 2014, Defendant issued a payoff quote to Plaintiff regarding the property in the amount of $80,358.08, good through July 18, 2014.[6] Plaintiff further contends that, on July 14, 2014, the payoff

---

[1] Rec. Doc. No. 5.
[2] Rec. Doc. No. 11.
[3] Rec. Doc. No. 1-1.
[4] Rec. Doc. No. 1.
[5] Rec. Doc. No. 1-1, ¶ 1.
[6] *Id.* at ¶ 2.

1

funds in the amount of $80,358.08 were wired to Defendant to pay off the loan.[7] Plaintiff claims that, on August 5, 2014, Defendant returned the funds to Plaintiff stating that they did not receive the wired funds until July 24, 2014, which was after the expiration of the payoff quote; therefore, more funds were required to pay off the loan.[8] A new payoff quote was allegedly sent to Plaintiff on August 8, 2014 requiring the amount of $85,595.11.[9] According to Plaintiff, on August 8, 2014, Plaintiff sent Defendant the original payoff amount of $80,358.08; however, nearly two weeks later, Defendant allegedly returned these funds to Plaintiff claiming that the amount was insufficient to pay off the loan.[10] On August 18, 2014, Plaintiff claims it received another payoff quote of $85,595.11.[11] Plaintiff claims that, on August 26, 2014, an agent for Defendant contacted Plaintiff by phone and advised that only $1,466.24 was due in addition to the original payoff amount of $80,358.08.[12] On August 28, 2014, Plaintiff contends it again wired the original payoff amount of $80,358.08 which funds were returned by Defendant on September 9, 2014.[13]

Plaintiff claims that, despite its attempts to pay off the loan, Bank of NY Mellon Trust, as owner of the note, commenced foreclosure proceedings against the debtor on August 28, 2014.[14] Plaintiff also claims that it has information that the Defendant routinely engages in the practice of quoting payoff amounts that are later returned and increased. Plaintiff filed this lawsuit arguing that the Defendant's practices violate the

---

[7] *Id.* at ¶ 3.
[8] *Id.* at ¶ 4.
[9] *Id.* at ¶ 5.
[10] *Id.* at ¶ 6.
[11] *Id.* at ¶ 7.
[12] *Id.* at ¶ 8.
[13] *Id.* at ¶ 9.
[14] *Id.* at ¶ 10.

Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA")[15] and the Fair Debt Collection Practices Act ("FDCPA").[16] The Defendant has filed a Rule 12(b)(1) *Motion to Dismiss* for lack of subject matter jurisdiction on the assertion that Plaintiff lacks Article III standing to bring this suit.

II. **LAW AND ANLYSIS**

   A. **Motion to Dismiss Under Rule 12(b)(1)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction.[17] Federal courts are courts of limited jurisdiction, and therefore have power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution.[18] A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.[19]

Every party that comes before a federal court must establish that it has standing to pursue its claims.[20] The doctrine of standing asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."[21] The Supreme Court has described standing as "contain[ing] two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement; and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction."[22]

---

[15] La. R.S. 51:1401, *et seq.*
[16] 15 U.S.C. § 1692, *et seq.*
[17] *Herrera v. NBS, Inc.*, 759 F.Supp.2d 858, 860 (W.D. Tex. 2010).
[18] *Id.*, citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).
[19] *Id.*, citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[20] *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469 (5th Cir. 2013).
[21] *Id.*, quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004).
[22] *Id.*, quoting *Elk Grove*, 542 U.S. at 11 (citations and internal quotation marks omitted).

Because Article III standing is a threshold issue, we must address it before considering questions of prudential standing.[23]

Article III standing requires a plaintiff to show: "(1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision."[24] An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."[25]

**B. Application**

The Court finds that Plaintiff's Petition fails to establish standing under either the LUTPA or the FDCPA. The LUTPA provides that, "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages."[26] The LUTPA defines a "consumer" as "any person who uses, purchases, or leases goods or services."[27]

Under the facts of this case, the Court finds that the "consumer" of the goods provided by Defendant, *i.e.* the loan, is the mortgagor, not the title company. Furthermore, any "ascertainable loss" is suffered by the property owner(s), not the closing agent of the title company. Plaintiff's Petition fails to allege an ascertainable loss or rights relating to the loan that demonstrate Plaintiff's standing.

---

[23] *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002).
[24] *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001) (citations omitted).
[25] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotation marks omitted).
[26] La. R.S. 51: 1409(A).
[27] La. R.S. 51:1402(1).

4

Plaintiff also lacks standing under the FDCPA. While courts have recognized that, under certain circumstances, third-party, non-debtors have standing to bring claims under the Act, the Court finds this is not such a case. First, Plaintiff does not allege that the Defendant ever stated that the Plaintiff, rather than the debtor, was obligated to pay the debt owed. Additionally, it was Plaintiff that contacted the Defendant for the payoff amount. This is not a situation of habitual harassment by a debt collector that the Act was designed to protect against.

Although not argued by the parties, the Court is also not certain that this Defendant mortgage servicer is a "debt collector" subject to suit as defined by the Act. The Fifth Circuit has held that a loan servicer is not a "debt collector" as required to support a borrower's claim under the FDCPA.[28] District courts in Louisiana have also held that "[t]he legislative history of the FDCPA confirms that a mortgage servicer may be a 'debt collector' even if it does not own the mortgage loan it attempts to collect" if, at the time the mortgage servicer attempts to collect the debt, such debt was already in default.[29] Plaintiff has not pled this necessary element that would subject this Defendant to liability under the Act.

The Court finds that Plaintiff has failed to establish an "injury in fact" as required by the law. Any injury under the facts presented would be suffered by the property owner(s) and not the title company.

---

[28] See *Brumberger v. Sallie Mae Servicing Corporation*, 84 F. App'x 458, 2004 WL 48901 (5th Cir. Jan. 7, 2004).
[29] *Castillo v. American Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398 (E.D. La. Apr. 5, 2010).

## III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[30] by Defendant is GRANTED, and this action is hereby dismissed without prejudice for lack of subject matter jurisdiction.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 22 day of June, 2015.

**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[30] Rec. Doc. No. 5.